# CHARLESTON.

Sweetland *et al.* *v.* Porter, Sheriff, *et al.*

Submitted January 21, 1897—Decided March 24, 1897.

1. ACTIONS—*Parties.*
    A party cannot be both plaintiff and defendant in an action at law. (p. 190.)

2. PARTIES—*Identity of Name—Identity of Person.*
    The identity of name of a plaintiff and a defendant, in the absence of proof to the contrary, is presumption of identity of person. (p. 190.)

Error to Circuit Court, Lincoln county.

Action by the State of West Virginia, for the use of L. A. Sweetland and J. S. Sweetland, partners as Sweetland Bros., against J. D. Porter, J. S. Sweetland, and others. Demurrer to the declaration sustained, and plaintiffs bring error.

*Affirmed.*

J. E. Chilton, for plaintiffs in error.

Campbell & Holt, for defendants in error.

MCWHORTER, JUDGE:

. This was an action of debt on sheriff's official bond, brought in the Circuit Court of Lincoln county, August 19, 1893, in the name of the State of West Virginia, for the use and benefit of L. A. Sweetland and J. S. Sweetland, partners as Sweetland Bros., against J. D. Porter, late sheriff of Lincoln county, and his sureties, J. S. Sweetland being one of said sureties and a defendant to the action. Defendants appeared and demurred to the declaration, and each assignment of breach therein, which, being argued, was sustained by the court on the 29th day of August, 1895; and the court, being of the opinion that the declaration could not be amended, dismissed plaintiffs' action, with costs, but without prejudice to any new action the plaintiffs might be advised to bring, from which judgment a writ of error from this Court was allowed the plaintiffs.

The assignment of error is "that said declaration stated a good and sufficient cause of action against the defendants, and there were no grounds upon which to sustain a demurrer to said declaration and dismiss the action." No proposition seems to be better settled than that a party can not be both plaintiff and defendant in an action at law. In the writ J. S. Sweetland is named as plaintiff and J. S. Sweetland as defendant. In the declaration John S. Sweetland is named as plaintiff and J. S. Sweetland as defendant. In the absence of proof to the contrary, the presumption must be that the plaintiff John S. Sweetland in the declaration is the identical person named by initials, only, in the writ as plaintiff, and that the defendant J. S. Sweetland is identical with the plaintiff J. S. Sweetland. *Tavenner* v. *Barrett*, 21 W. Va. 656, 689. In *Pearson* v. *Nesbit*, 1 Dev. 316, Judge Henderson, in delivering the opinion of the court, says: "A suit at law is a contest between two parties in a court of justice, the one seeking, and the other withholding, the thing in contest. The same individual cannot be at the same time both the person seeking and the person withholding, for it involves an absurdity that a person should seek from himself or withhold from himself. * * * When adversary rights as creditor and executor, or debtor and execu-

tor, meet in the same individual, the law considers the contest as settled, at least so long as the union exists. As soon, therefore, as it appears to the court that the same individual is both plaintiff and defendant, any judgment entered up in the cause is, to say the least, erroneous, and should be reversed." See, also *Eastman* v. *Wright*, 6 Pick, 316. The judgment of the Circuit Court is affirmed, with costs to the appellees.

*Affirmed.*